UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| JERROLD G. THOMAS, *Pro Se*, | Case No.: 1: 19 CV 1776 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CLEVELAND PUBLIC LIBRARY, *et al.*, | |
| | MEMORANDUM OF OPINION |
| Defendants | AND ORDER |

*Pro Se* Plaintiff Jerrold G. Thomas has filed an *in forma pauperis* civil rights Complaint in this matter against the Cleveland Public Library (Main Library) and Public Administration Library (Inside Cleveland City Hall). (Doc. No. 1.) His Complaint does not set cite any specific provision of federal law under which he seeks relief.

In his four-page single-spaced Complaint, the Plaintiff complains about various encounters he has had with patrons and employees at Cleveland libraries, and about the response of various library "Administrative Staff" to complaints he has made. (*See id*. at 4.) He generally complains he has experienced "Harassment and Discrimination by Employees and Security when attending different Libraries around Cleveland." (*Id*. at 1.) The only relief he appears to seek is to "talk to" President Maritza Rodriquez about "problems occurring upon [his] visits" to Cleveland libraries. (*Id*. at 4.)

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even according the Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, it does not meet basic pleading requirements or suggest he has any plausible federal civil claim against the Defendants upon which he may be granted the relief he seeks. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

**Conclusion**

Accordingly, the Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 9, 2019